Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 08-32911 (LMW) |
| | ) | | |
| HERMAN JAN VAN ECK, | ) | CHAPTER | 11 |
| | ) | | |
| DEBTOR. | ) | DOC. I.D. NOS. | 148, 149 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

Herman Jan Van Eck     Movant and Chapter 11 Debtor in Possession
P. O. Box 16     (*Pro Se*)
Ivoryton, CT  06442

Linda J. St. Pierre, Esq.     Attorney for Respondent GRP Loan, LLC
Hunt, Leibert & Jacobson, P.C.
50 Weston Street
Hartford, CT  06120

### BRIEF MEMORANDUM AND ORDER DENYING MOTION
### FOR CONTEMPT AND SANCTIONS AGAINST GRP LOAN, LLC

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on September 3, 2009, an evidentiary hearing (the "Hearing") was held on Doc. I.D. Nos. 24 (the "R/S Motion"), 84, 88 and 92 on the limited issue of the value of the Debtor's residence (the "Property");

**WHEREAS,** at the Hearing, GRP Loan LLC (the movant with respect to the R/S Motion, "GRP") introduced certain evidence into the record on the issue of Property valuation (the "Valuation Issue"), including the appraisal report of and testimony by Rose Aletta, an appraiser;

**WHEREAS,** at the conclusion of the Hearing the court took the Valuation Issue under advisement (with no briefing ordered);

**WHEREAS,** on September 15, 2009, the above-referenced debtor (the "Debtor") filed in this case that certain Respondent Debtor's Motion for Order To Show Cause Why Movant Should not Be Held in Contempt, Motion for Order To Show Cause Why Movant and Counsel Should not Have Sanctions Imposed, and Motion To Dismiss Adversary Proceeding Due to Movant's Fraud (Doc. I.D. No. 148, the "Sanctions Motion"). In the Sanctions Motion, the Debtor alleges that GRP introduced perjury into the record in the form of Ms. Aletta's report and/or testimony;

**WHEREAS,** the court deemed it appropriate to afford GRP (and Ms. Aletta) the opportunity to respond to the Sanctions Motion in a meaningful manner;

**WHEREAS,** on September 16, 2009, the court issued that certain order (the "Response Order") that appears in the record of this case as Doc. I.D. No. 149. The Order provides in relevant part as follows:

> [I]t hereby is **ORDERED** that GRP shall file and serve (and Ms. Aletta may file and serve) written responses (collectively, the "GRP Response") to the Sanctions Motion on or before October 7, 2009; and it is further
>
> **ORDERED** that the Debtor shall file a written reply (the "Debtor Reply") to the GRP Response on or before October 23, 2009; and it is further
>
> . . .
>
> **ORDERED** that failure by GRP or the Debtor to prepare, file and serve the GRP Response or the Debtor Reply (as the case may be) in accordance with this order may be deemed a waiver by such party with respect to the Sanctions Motion
> . . . .

(Doc. I.D. No. 149 at 2-3) (footnote omitted);

**WHEREAS,** a copy of the transcript of the Hearing was filed in the record of this case on September 17, 2009 (*see* Doc. I.D. No. 150);

**WHEREAS,** on September 25, 2009, GRP filed and served that certain Response of GRP to Defendant's Motion for Order To Show Cause Why Movant Should not Be Held in Contempt, Motion for Order To Show Cause Why Movant and Counsel Should not Have Sanctions Imposed, and Motion To Dismiss Adversary Proceeding Due to Movant's Fraud (*see* Doc. I.D. No. 154) in accordance with the Response Order;

**WHEREAS,** the Debtor has failed to file a Debtor Reply in compliance with the Response Order;

**WHEREAS,** as noted above, the Response Order provided that "failure by . . . the Debtor to prepare, file and serve . . . the Debtor Reply . . . in accordance with . . . [the Response Order] may be deemed a waiver by . . . [the Debtor] with respect to the Sanctions Motion . . . ";

**NOW, THEREFORE,** in consideration of the foregoing, it hereby is **ORDERED** that the Debtor is deemed to have waived his rights to prosecute the Sanctions Motion; and it is further

**ORDERED** that the Sanctions Motion hereby is denied for the Debtor's failure to prosecute the same.

Dated: November 3, 2009                                    BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge