Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
|  |  |  |  |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 08-32911 (LMW) |
|  | ) |  |  |
| HERMAN JAN VAN ECK, | ) | CHAPTER | 11 |
|  | ) |  |  |
| DEBTOR. | ) | DOC. I.D. NO. | 168 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

Herman Jan Van Eck                              Movant and Chapter 11 Debtor in Possession
P. O. Box 16                                            (*Pro Se*)
Ivoryton, CT  06442


## BRIEF MEMORANDUM AND ORDER DENYING RECUSAL MOTION

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** this chapter 11 case was commenced by the above-referenced debtor (the

"Debtor") on September 5, 2008;

**WHEREAS,** on November 2, 2009, the Debtor filed that certain Motion To Recuse (Doc.

I.D. No. 168, the "Recusal Motion") which states initially as follows:

> The Debtor in the above-captioned bankruptcy petition hereby respectfully Motions [sic] the Judge currently assigned to this Docket to recuse herself from further adjudication of maters [sic] before this Court, on the grounds that a third party observer not participating in the matters in controversy may reasonably conclude that the Judge appears to be no longer impartial to the matters before the Court, or in the alternative or in addition has vacated personal control over the matters before the Court [to GRP Loan LLC ("GRP")], to the extent that the Debtor is disadvantaged in relation to . . . GRP . . . .

(Doc. I.D. No. 168 at 1.);

**WHEREAS,** the Recusal Motion came on for a hearing (the "Hearing") on November 4, 2009;

**WHEREAS,** the Debtor, counsel for GRP, counsel for the United States (on behalf of the Internal Revenue Service) and counsel for the United States Trustee all appeared and participated at the Hearing.  At the Hearing, the Debtor prosecuted the Recusal Motion and the remaining appearing parties opposed the Recusal Motion;

**WHEREAS,** the relevant statute is 28 U.S.C. § 455(a) which states as follows: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C.A. § 455(a) (West 2009).

> "Partiality" does not refer to all favoritism, but only to such as is, for some reason, wrongful or inappropriate.  Impartiality is not gullibility . . . .  To demand . . . "child-like innocence" . . . is not reasonable.

*Liteky v. United States,* 510 U.S. 540, 552 (1994);

**WHEREAS,**

> [w]hether a bankruptcy judge's impartiality might reasonably be questioned depends on whether an objective observer fully informed of the relevant facts would entertain a reasonable doubt regarding the judge's impartiality, not whether partiality on the part of the judge is merely conceivable, nor whether the judge is actually partial.

9 Am. Jur. 2d *Bankruptcy* § 419 (2009) (footnotes omitted);

**WHEREAS,**

> [s]imilarly, unfavorable rulings alone are insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis.  A bankruptcy judge must be free to make rulings on the merits without fear that he or she will create an impression of bias if he or she makes a disproportional number in favor of one litigant.

8A C.J.S. *Bankruptcy* § 34 (2009) (footnotes omitted);

**WHEREAS,** principally, the Debtor alleges that the court is not impartial because the Debtor does not like this court's decisions. In particular, the Debtor takes issue with this court's decision that he is precluded from challenging GRP's standing to foreclose;

**WHEREAS,** at a hearing in this case held on March 26, 2009 the court ruled from the bench that GRP (as assignee)[1] is the holder of a valid foreclosure judgment (the "Foreclosure Judgment") with respect to the subject property. (*See* Oral Record of March 26, 2009 hearing.) That ruling (collectively with Doc. I.D. Nos. 61, 62 and 64, the "Disputed Ruling") was alluded to in Doc. I.D. Nos. 61, 62 and 64. *See also Bankers Trust Co. of California, N.A. v. Vaneck,* 96 Conn. App. 390, 391 (opinion by Peters, J.), *cert. denied,* 279 Conn. 908 (2006) ("We affirm the foreclosure judgment of the trial court in favor of the holder of the note."); *Bankers Trust Co. of California, N.A. v. Vaneck,* No. CV-02-0097949-S (order dated February 4, 2008) (Holzberg, J.) (copy of related Case Detail and transcript of related February 4, 2008 hearing attached as exhibits to Doc. I.D. No. 37). *Cf. GRP Loan, LLC v. Vaneck,* No. 3:08-CV-375(WWE), 2008 WL 2902607 (D. Conn. July 24, 2008) (Eginton, J.);[2]

---

[1] It appears that GRP subsequently may have assigned its interest to a third party. (*See* Doc. I.D. No. 201.)

[2] Among other things, the Debtor argues that the Disputed Ruling was improper because the *Rooker-Feldman* doctrine cannot apply to the Foreclosure Judgment. That is so, the Debtor argues, because the Foreclosure Judgment (which among other things, ordered foreclosure by sale) is not a final judgment until at least after the foreclosure sale has occurred. However, relevant Connecticut law is to the contrary. *See Willow Funding Co., L.P. v. Grencom Assocs.,* 63 Conn. App. 832, 837-38 (2001) (judgment of foreclosure by sale held to be a final judgment in advance of foreclosure sale). *See also In re Carpenter,* 331 B.R. 529, 533 (Bankr. D. Conn. 2005) (Krechevsky, J.) (same). Moreover, even if the Debtor's argument were valid (which it is not), the Debtor fails to explain why he should be permitted to proceed in the Connecticut (state) court as if the Foreclosure Judgement were a final judgment (by appealing it) and later to argue in this court that the Foreclosure Judgment is not a final judgment. *Cf. Bankers Trust Co. of California, N.A. v. Vaneck, supra.*

**WHEREAS,** the Debtor further complains that "[c]onfronted with . . . [the] blatant fraud [and perjured testimony of GRP's counsel and appraiser in connection with valuation evidence offered by GRP at a hearing on the R/S Motion (as hereafter defined)] . . . , the Court failed to take any affirmative steps to assert and maintain the appearance of integrity of the Court." (Doc. I.D. No. 168, ¶ 3.) The foregoing allegation of fraud and perjury previously was raised by the Debtor in that certain Respondent Debtor's Motion for Order To Show Cause Why Movant [GRP] Should not Be Held in Contempt, Motion for Order To Show Cause Why Movant and Counsel Should not Have Sanctions Imposed, and Motion To Dismiss Adversary Proceeding [sic] Due to Movant's Fraud (Doc. I.D. No. 148, the "Sanctions Motion") filed by the Debtor on September 15, 2009. On September 16, 2009, the court issued that certain Scheduling Order on Motion for Contempt and Sanctions Against GRP Loan, LLC (s*ee* Doc. I.D. No. 149) pursuant to which the court established a procedure for adjudicating the Sanctions Motion. (*See id.*) The Debtor failed to comply with that procedure and, on November 3, 2009, the court issued that certain Brief Memorandum and Order Denying Motion for Contempt and Sanctions Against GRP Loan, LLC (*see* Doc. I.D. No. 177) which denied the Sanctions Motion for failure to prosecute. (*See id.*) The court stands by that ruling;

**WHEREAS,** the Debtor further complains that the undersigned improperly favored GRP when the court issued that certain Order To Show Cause Why Interim Relief Should not Be Granted to Movant by Conditioning Continuance of the Automatic Stay on Monthly Cash Payments To Be Made by the Debtor in Escrow (Doc. I.D. No. 151, the "Sua Sponte Order") as interim relief with respect to that certain Motion for In Rem Relief from Stay with Prejudice (Doc. I.D. No. 24, the "R/S Motion") filed by GRP. However, as appears from the face of the Sua Sponte Order, the Sua

Sponte Order was issued on public policy grounds out of this court's concern that the Debtor appeared to be living in his residence cost free (except for insurance) during the one-year duration of this chapter 11 case[3] (and for some time prior thereto) with no progress having been made towards reorganization during that period. The court's concern was not the benefit of GRP (note that the contemplated payments were to be held in escrow pending a decision with respect to the R/S Motion) but, rather, the public perception of the situation and of the integrity of the bankruptcy system: many homeowners in Connecticut would like to live cost free in their homes without losing their homes to foreclosure but cannot do so. That matter remains pending before this court;

**WHEREAS,** the Debtor complains that the court refused to credit the Debtor's testimony/statements made at a hearing held on May 21, 2009 that the Debtor had not prevented GRP's appraiser from performing an internal appraisal of the subject property. (*See* Doc. I.D. No. 168, ¶ 5.) A trial court, sitting in the position of fact finder, is entitled to make credibility determinations based upon the "witness[]' demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language or nuance of expression." *In re The AdBrite Corp.* 290 B.R. 209, 219 (Bankr. S.D.N.Y. 2003). *See also Casa Nova Inc. v. Casa Nova of Lansing, Inc. (In re Case Nova of Lansing, Inc.)*, 146 B.R. 370, 377 (Bankr. W.D. Mich. 1992) ("[T]he trial court, viewing the demeanor, body language, tone, and reactions of the live witnesses, is in a better position to evaluate credibility than an appellate court having only the benefit of a written transcript."). *Cf. Harris v. Kuhlmann*, 346 F.3d 330, 354 (2d Cir. 2003) (citation and internal quotation marks omitted) ("[W]e must accord

---

[3] At all relevant times, the Debtor has remained in possession and control of his assets and business affairs as debtor in possession.

great deference to the trial court's findings regarding credibility because the trial judge is in the best position to evaluate a witness's demeanor and tone of voice as well as other mannerisms that bear heavily on one's belief in what the witness says.") Taking all of the foregoing into consideration, the court evaluated the Debtor's credibility and made its adverse determination on that basis;

**WHEREAS,** the Debtor further complains that the court's determination that his pending appeal of this court's denial of his motion for summary judgment (Doc. I.D. No. 62) had been "filed for purposes of delay" (Doc. I.D. No. 143 at 3, the "Non-Stay Order") was improper. Relevant events with respect to the Debtor's filing of his "Petition for Review" are described in the Non-Stay Order and they support this court's finding/conclusion that the Debtor's "Petition" had been filed for "purposes of delay." (*See id.*);

**WHEREAS,** the court has been patient with the Debtor throughout these proceedings, primarily in recognition of his *pro se* status in this chapter 11 case;

**WHEREAS,** based upon the foregoing, the court does not believe that "an objective observer fully informed of the relevant facts would entertain a reasonable doubt regarding [this] judge's impartiality [in this case] . . . ";

**NOW, THEREFORE,** it hereby is **ORDERED** that the Recusal Motion shall be, and hereby is, **DENIED.**

Dated: December 9, 2009                                            BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge