UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

2010 MAR -2 AM 9: 53

IN RE:

JAN HERMAN VAN ECK        : CHAPTER 11
DEBTOR                    : CASE NO. 08-32911 LMW

-----------------------------------------------------------------------------------------------------

### JAN VAN ECK'S PLAN OF REORGANIZATION, DATED 25 FEBRUARY 2010

#### ARTICLE I
#### SUMMARY

The Plan of reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "code") proposes to pay creditor of Jan Herman Van Eck (the "Debtor") from infusion of capital and future income.

This Plan provides for three classes of secured claims; two classes of unsecured claims; one class of equity security holders; one class of allowed claims entitled to priority, one class of subordinated claims, and one class of equity interests. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately six cents on the dollar. This Plan also provides for the payment of administrative and priority claims as may be recognized, by payment in full immediately after the Debtor receives the benefit of funds from the Estate of Dr. William Van Eck, M.D. as residual beneficiary, but in no event later than eighteen (18) months after confirmation of the Plan.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

#### ARTICLE II
#### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under §507(a)(2), and priority tax claims under §507(a)(8)).

2.02    Class 2.    The claims of the holder of the Note relating to real property located at 24 Ebony Lane, Ivoryton, CT to the extent that the claim is or may be secured by mortgage thereto.

| | | |
|---|---|---|
| 2.03 | Class 3. | The claims of the holder of the Note relating to real property located at 7 Jerimoth Drive, Branford CT to the extent that the claim is or may be secured by mortgage thereto. |
| 2.04 | Class 4. | The claims of the holders of Notes or ownership claims to personal property consisting of machinery, tooling and equipment in possession of the Debtor. |
| 2.05 | Class 5. | All unsecured claims allowed under §502 of the Code, except unsecured tax claims. |
| 2.04 | Class 6. | Unsecured tax claims as allowed. |
| 2.05 | Class 7. | Subordinated claims as allowed under § 510(c) of the Code. |
| 2.06 | Class 8. | Equity interests of the individual Debtor in property of the estate. |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified claims.   Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims.   Each holder of a priority tax claim will be paid by capital infusion of the Debtor sourced from inheritance proceeds of the estate of Dr. William Van Eck, within thirty days of such final receipt, but in no event greater than twelve months after confirmation of the Plan.

3.04   United States trustee Fees.   All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interest shall be treated as follows under this Plan:

2

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Class I is unimpaired by this Plan, and Each holder of a Class 1 Priority Claim will be paid in full by a series of 36 equal Installments commencing 30 days after the Effective date of the Plan as defined in Article VII. |
| Class 2 - Secured<br><br>Claim of note holder Re: property at 24 Ebony lane, Ivoryton CT | Impaired | Class 2 is impaired by this Plan, and the Holder of the Note, to the extent such is secured by mortgage, will be paid by 30-year fixed rate Note of 1.25 points over LIBOR Rate prevailing at the time of the Effective date of the Plan as defined in Article VII, based on a principal balance of The amount specified by the lesser of the last transfer of the note or as the value of the Property |
| Class 3 - Secured<br><br>Claim of note holder Re: 7 Jerimoth Drive, Branford CT | Impaired | Class 3 is impaired by this Plan, and The Holder of the Note, to the extent such is secured by mortgage, will be paid by 30 year fixed rate Note of 1.25 points over the LIBOR Rate prevailing at the time of the Effective Date of the Plan as defined in Article VII, based on a principal balance of The amount determined as the value of the Property, commencing with the effective Date of the Plan as defined in Article VII. |
| Class 4 - Secured<br><br>Claims of personal Property (machy) | Impaired | Class 4 is impaired by this Plan, and The claims will be paid as priority payments charged against income of sales of goods from MRP Corporation, a Nevada Corp., To be established to produce components For resale, comprising of a charge of 60% Of net monthly earnings until discharged, Bearing interest component of 3%. |
| Class 5 -<br><br>Unsecured Claims | Impaired | Class 5 is impaired by this Plan, and The claims will be paid by infusion of capital by the Debtor at the rate of 6% of allowed Claim, subsequent to receipt by Debtor of Funds flowing from the estate of Dr. William Van Eck, M.D. |
| Class 6 -<br><br>Unsecured tax claims | Impaired | Class 6 is impaired by this Plan, and Unsecured tax claims will be paid pro-rata by capital infusion of the Debtor at the rate Of 20% of such claim, in 24 equal payments |

3

| Class | Impairment | Treatment |
|---|---|---|
| | | Commencing ninety days after the Effective Date of the Plan, as defined in Article VII. |
| Class 7 - Subordinated claims | Impaired | Class 7 is impaired by this Plan, and each holder of a Class 7 claim will be Paid six percent of approved claim, in One hundred twenty equal installments Commencing thirty days after the Effective date of this Plan as defined in Article VII. |
| Class 8 - Equity interests Of the estate | Impaired | Class 8 is impaired by this Plan, and the equity interests represented will receive no cash, and receive only the Residual interest if any in the assets Of the estate after all other distributions As proposed by the Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

   5.01   Disputed Claim.   A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

   5.02   Delay in Distribution on a Disputed Claim.   No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

   5.03   Settlement of Disputed Claims.   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   6.01   Assumed Executory Contracts and Unexpired Leases

   (a)   The Debtor assumes the following executory contracts and/or unexpired leases upon the date of the entry of the order confirming this Plan:

   Lease with MAK Realty or their successors in interest on Unit 4 of the property

4

Conditional sales contract with Chrysler Financial Corp. respecting that certain Dodge pick-up truck.

## ARTICLE VII
## GENERAL PROVISIONS

7.01   Definitions and Rules of Construction.  The Definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.02   Effective Date of the Plan.   The effective date of this Plan is the twentieth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03   Severability.   If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04   Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05   Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06   Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal rules of Bankruptcy Procedure), the laws of the State of New York  govern this Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

8.01   Discharge.   Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal rules of Bankruptcy Procedure.

Respectfully submitted,

By: _____
The Plan Proponent