Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 08-32911 (LMW) |
| HERMAN JAN VAN ECK, | ) | CHAPTER | 11 |
| DEBTOR. | ) | DOC. I.D. NO. | 321 |
| DLJ MORTGAGE CAPITAL INC. and GRP LOAN, LLC, | ) | | |
| MOVANTS | ) | | |
| vs. | ) | | |
| SOCIAL SECURITY ADMINISTRATION and HERMAN JAN VAN ECK, | ) | | |
| RESPONDENTS. | ) | | |

## APPEARANCES

Herman Jan Van Eck  
P. O. Box 16  
Ivoryton, CT  06442

*(Pro Se)* Debtor Respondent

Linda J. St. Pierre, Esq.  
Benjamin T. Staskiewicz, Esq.  
Hunt, Leibert & Jacobson, P.C.  
50 Weston Street  
Hartford, CT  06120

Attorneys for DLJ Mortgage Capital, Inc.  
and GRP Loan, LLC, Movants

Christine Sciarrino, Esq.  
Assistant United States Attorney  
United States Attorney's Office  
157 Church Street, 23rd floor  
New Haven, CT  06510

Attorney for the United States Social  
Security Administration, party-in-interest  
and Respondent

Holley L. Claiborn, Esq.                              Attorney for the United States Trustee
Assistant United States Trustee
Office of the United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

## BRIEF MEMORANDUM OF DECISION
## AND ORDER RE: RED RIBBON CERTIFICATE

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** by order (Doc. I.D. No. 304, the "Dismissal Order") dated March 16, 2010, this chapter 11 case was dismissed with the prejudice of a two-year bar against future filings by this debtor (the "Debtor") including under any other Social Security number or alias. However, the Dismissal Order retained jurisdiction over the following relevant matter (and one other matter not relevant here): "any motion (filed within twenty-eight days from the date of . . . [the Dismissal Order]) in respect of obtaining a 'red ribbon certificate' from the Social Security Administration with respect to confirming the Debtor's correct Social Security number, and any proceedings or matters proceeding from such motion as the court may deem appropriate . . . ." (Dismissal Order at 2);

**WHEREAS,** on March 17, 2010, DLJ Mortgage Capital, Inc. ("DLJ") and GRP Loan, LLC ("GRP," collectively with DLJ, the "Movants") filed that certain Motion for Order Commanding Disclosure by Social Security Administration (Doc. I.D. No. 305, the "First Motion") seeking issuance of a "Red Ribbon Certificate" pursuant to 20 C.F.R. § 401.180(c). A hearing (the "First Hearing") was held on the First Motion on April 7, 2010. The Debtor did not file an objection or other response to the First Motion or appear at the First Hearing and, for the reasons stated on the record at the hearing, an order

-2-

granting the First Motion was issued the same day. (*See* Doc. I.D. No. 314.) That order was amended on April 8, 2010 to correct a scrivener's error. (*See* Doc. I.D. No. 315.);

**WHEREAS,** the United States Social Security Administration (the "SSA") delivered to Chambers a "Red Ribbon Certificate" under seal on April 19, 2010. (*See* Doc. I.D. No. 320.) That document (the "Red Ribbon Certificate") was maintained under seal by the Clerk's Office;

**WHEREAS,** on April 29, 2010, the Movants filed that certain Ex Parte Motion Allowing "Red Ribbon Certificate" To Be Unsealed and that Court Take Judicial Notice of Findings and Other Relief. (*See* Doc. I.D. No. 321, the "Second Motion.");

**WHEREAS,** the Second Motion was scheduled for a hearing (the "Second Hearing") for May 26, 2010;

**WHEREAS,** the Second Hearing was convened as scheduled. Counsel for the Movants, counsel for the SSA and the Debtor (stating his name as "Jan Van Eck")[1] appeared at the Second Hearing. The day before the Second Hearing, the Debtor filed the following pleadings: (i) an objection to the Second Motion (Doc. I.D. No. 325, the "Debtor Objection"); (ii) a motion for an evidentiary hearing in connection with the Debtor Objection (Doc. I.D. No. 326); and (iii) a Motion for Status Conference Hearing (Doc. I.D. No. 327). All of the foregoing matters (the "Matters") were taken up at the Second Hearing. At the Second Hearing, the Debtor handed up to the court a copy of what purported to be a "Judicial Grievance Complaint" (the "Grievance") against the undersigned filed with the Judicial Council for the Second Circuit.[2] Out of (perhaps) an overabundance of caution, the court continued the Second Motion and the

---

[1] *Cf. In re Van Eck,* 425 B.R. 54, 72 n.25 (Bankr. D. Conn. 2010).

[2] Upon telephonic inquiry to the Council on June 10, 2010 about the status of the Grievance, the undersigned was advised that the Grievance was in fact not pending, having been returned to the Debtor on June 3, 2010 for its failure to comport with applicable forms.

Matters to a hearing (the "Continued Hearing") on June 9, 2010 to permit the undersigned to consider whether, in light of the Grievance, her *sua sponte* recusal from this case would be appropriate;

**WHEREAS,** the Continued Hearing was convened as scheduled. Counsel for the Movants and counsel for the SSA appeared; the Debtor did not appear. The undersigned first announced her decision that, for the reasons stated on the record, she had concluded that her recusal would be inappropriate under the circumstances presented in this case. The court then ordered that the Matters be overruled/denied (as the case may be) for the Debtor's failure to appear to prosecute them at the Continued Hearing.[3] The court then announced its decision to grant the Second Motion in part, and deny it in part to the extent set forth hereinbelow.[4] In accordance with the foregoing, the court unsealed the Red Ribbon Certificate, reviewed it and compared the Social Security number stated therein (the "Red Ribbon Certificate SSN") to the Social Security number under which this case and Case No. 06-31703 (*In re Jan Herman Van Eck*) was filed, and announced the result of that comparison on the record;[5]

**WHEREAS,** the Red Ribbon Certificate states in relevant part:

---

[3]   Marginal orders to that effect were entered the same day. (*See* Doc. I.D. Nos. 329, 330, 331.)

[4]   The court concluded that the Movants collectively had standing to file and prosecute the Second Motion for the reasons stated on the record at the First Hearing and the Second Hearing. In any event, on April 19, 2010, an order (the "Substitution Order") entered in the state court foreclosure action granting DLJ's motion to be substituted as party plaintiff for GRP. (*See* State Court Docket for *Bankers Trust Co. of California, N.A. v. Vaneck,* No. CV-02-0097949-S.) The court takes judicial notice of the State Court Docket and the Substitution Order. This court does not have jurisdiction to sit as an appellate court to review the propriety of the Substitution Order. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Accordingly, the Substitution Order is conclusive on the issue of DLJ's standing to file and prosecute the Second Motion even without the joinder of GRP.

[5]   This case and the 2006 case were filed under the same Social Security number (the "Case SSN"). No Social Security numbers were disclosed by the court at the Second Hearing.

Social Security's computerized system of program records indicate that the [Red Ribbon SSN] . . . was issued to Herman J. Vaneck;

[T]he Social Security's computerized system of program records indicate that no other Social Security numbers were issued to either Herman J. Van Eck or Herman J. Vaneck . . . ;

**WHEREAS,** the court has concluded that it would be inappropriate for the court to grant certain of the relief sought by the Movants in the Second Motion;

**NOW, THEREFORE,** it hereby is **ORDERED** that the Second Motion is denied in part and granted only to the extent provided in the immediately following decreetal paragraph; and it is further

**ORDERED** that the following factual finding shall be and hereby is made: that the Red Ribbon Certificate SSN is different from the Case SSN; and it is further

**ORDERED** that the Red Ribbon Certificate shall be retained by the Clerk's Office under seal.

Dated: June 14, 2010 (nunc pro tunc to June 9, 2010)

BY THE COURT

Lorraine Murphy Weil
Chief United States Bankruptcy Judge